# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHRISTOPHER DeVINE        *

     Plaintiff            *

        v               *        Civil Action No. DKC-13-1920

WARDEN KOPPEL, et al.      *

     Defendants        *
                             ***

## MEMORANDUM OPINION

On October 21, 2013, Plaintiff filed an Amended Complaint as required by this court's Order of July 10, 2013. ECF No. 11. Additionally, the verified inmate account statement reflecting a six-month average account balance of $29.25 and average monthly deposits of $45.01, was filed on September 13, 2013. ECF No. 7. Plaintiff will therefore be required to pay an initial partial filing fee as set forth in the accompanying Order.

Plaintiff names as additional Defendants Sergeant Ekwonye, Dr. Luke, and Sergeant Mangrum.[1] ECF No. 11. Plaintiff also provides his assertions against each of the named Defendants. The basis for many of his claims are not entirely clear, even when read together with the claims raised in the original Complaint and the first amended Complaint. To the extent that some of Plaintiff's claims are raised on behalf of other inmates; do not allege a cognizable injury; or fail to assert a federal claim, those claims must be dismissed.

Plaintiff alleges he was assaulted by three other inmates after they were informed that he attempted to assist another inmate who was accused of a sexual offense. ECF No. 1 and 4. He further claims he was prevented from testifying against his assailants at a prison disciplinary hearing because he knew his cooperation with the disciplinary process would be reported to

---

[1] Plaintiff's first amended complaint added as Defendants Corporal Flowers, Sgt. Dallas, Alicia King, and Officer Morris. ECF No. 4.

general population inmates and he would be labeled a snitch.  *Id*.   He alleges Defendants Flowers, Dallas, Koppel, and Ekwonye participated in the conduct alleged or allowed the wrongful conduct to occur.  ECF No. 11.  The claims against Flowers, Dallas, Koppel and Ekwonye insofar as they concern the October 2012 assault on Plaintiff will proceed for an answer after service of the Complaint.  In addition, Plaintiff's claim that he has been denied access to courts through denial of library access and mishandling of mail will be permitted to proceed for an answer.  ECF No. 4 at pp. 5 – 6.

Plaintiff raises claims against Dr. Luke and Alicia King regarding his medical care while confined to Chesapeake Detention Facility (CDF).  He claims that he suffers from neck and back pain which he communicated to medical staff, who provided Plaintiff with Tramadol, a muscle relaxer, and an additional mattress.  Plaintiff states that the doctor at CDF told him that physical therapy and pain management are not available to inmates at the facility, but that a request would be made on his behalf anyway.  The request was denied and Plaintiff alleges the treatment he was given was ineffective for his pain.  He was also provided with Elavil, an anti-depressant, to assist with sleeping when he complained that the overcrowded conditions as well as back pain made it difficult to sleep.  With respect to King, Plaintiff claims she refused to provide treatment and violated HIPAA laws by discussing private medical information to "others not in medical department."  ECF No. 11.

Plaintiff also states that while at CDF he developed a skin infection known as folliculitis, for which he was prescribed medicated creams and was advised that it may be the water at the facility that was causing his skin to break out.  ECF No. 1, 4, and 11.  He claims when the Warden saw the state of his skin he made a call to medical staff on Plaintiff's behalf to request medical care.  ECF No. 1 and 4.  Plaintiff also claims he was making numerous requests to have

his allergy medication refilled because it was due to expire in April of 2014. ECF No. 1 at p. 5 and ECF No. 4 at pp. 5 -6 .

In order to state an Eighth Amendment claim[2] for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).

Plaintiff's allegation regarding a prescription for allergy medication due to expire next year, does not involve a serious medical need. Plaintiff admits medical care providers attempted to address his complaints of back pain and skin infection. To the extent the medical care provided did not cure his problems or was not the treatment he desired, such deficiencies alone are not evidence of a constitutional violation. The allegations presented by Plaintiff establish that there was no callous disregard for the complaints he presented to medical staff. Accordingly the claims against Defendants Luke and King must be dismissed.

Plaintiff's claims regarding the conditions of confinement at CDF include the allegations that there were ants in his cell; there were three men assigned to a two man cell requiring

---

[2] The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), *citing Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988); *see also Riley v. Dorton*, 115 F. 3d 1159, 1167 (4th Cir. 1997) (pre-trial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right, both require more than *de minimus* injury).

Plaintiff to sleep on the floor; and he was not provided with proper shoes, making it more difficult for him to participate in the limited activities provided. ECF No. 1 and 4. Plaintiff also alleges that the cell windows were inoperable and there was inadequate heat during the winter season. ECF No. 4 at p. 3.

The inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of the pre-trial detainee, which due process proscribes prior to a proper adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988). A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal. *Bell*, 441 U.S. at 538– 39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment). In determining whether the challenged conditions amount to punishment, it is not the province of this Court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995). The claims raised are inconveniences and do not rise to conditions that amount to punishment. Plaintiff admits, for example, that correctional staff attempted to secure new shoes for him but they simply did not have his size. He also admits that the warden provided him with an additional mattress to aid in alleviating his discomfort and that the ant infestation in his cell was addressed. With respect to the inadequate heat in the cells, Plaintiff states a number of measures were taken to address the issue including the use of cardboard to insulate the windows; extra blankets; and, ultimately, moving inmates to an area of the facility where the heat was working better. ECF No. 1 and 4.

The facts asserted simply do not establish an express intent to punish and thus do not amount to unconstitutional conditions of confinement.[3]  Plaintiff's only claim against Officer Morris is that Morris did not permit inmates access to bathroom facilities when showering.  ECF No. 11.  The claim against Morris, as well as all claims regarding conditions at CDF, shall be dismissed without requiring a response.

Plaintiff's final allegation concerns his assertions that inmates were told to remain silent during inspections of CDF for federal audits.  He claims that problems at CDF that amounted to code violations were fixed temporarily just before the audits to make it appear as though there were no issues to be addressed.  Plaintiff states that this amounted to a conspiracy to defraud federal auditors.  ECF No. 1 at pp. 6 – 7.  He claims that Sgt. Mangnum is responsible for conspiring with the jail administration to defraud federal inspectors.  ECF No. 11.  Plaintiff does not assert how he was harmed as a result of the alleged conspiracy.  The claim against Mangnum shall be dismissed and, to the extent the conspiracy claim is alleged against any other Defendant, it is dismissed.

A separate Order partially dismissing the Complaint and requiring service of the remaining claims follows.


  October 31, 2013                                         _____
Date                                                                  DEBORAH K. CHASANOW
                                                                      United States District Judge

---

[3] To the extent Plaintiff's Complaint includes general allegations regarding conditions which affected other inmates, he does not have standing to assert those claims on behalf of other inmates.  To state a civil rights claim, a prisoner must allege that he, himself, sustained a deprivation of right, privilege, or immunity secured by Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977).