# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHRISTOPHER DeVINE                    *

    Plaintiff                         *

          v                   *          Civil Action No. DKC-13-1920

WARDEN KOPPEL, et al.                 *

    Defendants                        *
                                  ***

## MEMORANDUM OPINION

Plaintiff Christopher DeVine filed this civil rights complaint under 42 U.S.C. §1983, complaining about the conditions and his treatment at Chesapeake Detention Facility.  ECF Nos. 1 and 4.  After Plaintiff filed an Amended Complaint, ECF No. 11, purporting to clarify the claims and name intended Defendants, Defendants responded with a Motion to Dismiss or for Summary Judgment.  ECF No. 25.  Plaintiff opposes the motion with a Motion for Jury Trial. ECF No. 29.  The court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2011).   For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.[1]

### Background

Plaintiff alleges he was assaulted by three other inmates after they were informed that he attempted to assist another inmate who was accused of a sexual offense.[2]  ECF Nos. 1 and 4.  He further claims he was prevented from testifying against his assailants at a prison disciplinary

---

[1] Also pending is Defendants' Motion to Seal Exhibit 9 to the Memorandum in Support of the Motion to Dismiss or for Summary Judgment.   ECF No. 27.  The stated reason is that the document contains sensitive medical records relating to Plaintiff's health treatment and no alternatives to sealing are available.  As will be seen, it is not necessary to refer extensively to that exhibit in resolving the pending motion, and the details of the medical treatment are not germane.   Thus, even though Defendants' motion to seal is somewhat bare bones, under the circumstances, the motion to seal will be granted.

[2] Other claims raised in the Complaint and Amended Complaint were previously dismissed on November 1, 2013.  ECF Nos. 13 and 14.

hearing because he knew his cooperation with the disciplinary process would be reported to general population inmates and he would be labeled a snitch.  *Id.*  He alleges Defendants Flowers, Dallas, Koppel, and Ekwonye participated in the conduct alleged or allowed the wrongful conduct to occur.  ECF No. 11.  In addition, Plaintiff claims that he was denied access to courts through denial of library access and mishandling of his mail.  ECF No. 4 at pp. 5 – 6.

Defendants state that Plaintiff was an inmate detained at Chesapeake Detention Facility (CDF) between March 14, 2012 and August 21, 2013.  ECF No. 25 at Ex. 1 and 2.  A search of Department of Public Safety and Correctional Service (DPSCS) records regarding Plaintiff's claim that he was assaulted by three other inmates in October 2012, failed to reveal any report by Plaintiff of same.  *Id.* at Ex. 3.  Defendants claim they are unaware of any assault occurring in October 2012 against Plaintiff.  *Id.* at Ex. 4 - 7.

On January 4, 2013, however, Lt. Roane received information from a confidential source that Plaintiff had been involved in an incident that had caused damage to Plaintiff's left eye.  *Id.* at Ex. 4 and 9.  Upon receipt of that information, Roane escorted Plaintiff to the medical unit for treatment.  Plaintiff initially claimed his eye was hurt while playing basketball, but later claimed he had been assaulted by inmates Aaron Walker, Brandon Harris, and Isiah Benjamin.  *Id.* at Ex. 9, pp. 80 – 88; Ex. 4.  Plaintiff was treated for a superficial injury to the skin over his left eye and a bruise.  He complained of chest pain, but an x-ray showed no significant abnormality.  *Id.* at Ex. 9, pp. 80 – 88.  On January 14, 2013, Plaintiff was again seen in medical for complaint of a headache. At that time he told medical staff he was assaulted rather than being injured in a basketball game.  *Id.* at Ex. 9, pp. 78 – 79.  Defendants further allege that Plaintiff's medical records from October 1, 2012 through January 2, 2013, do not reflect injuries consistent with an injury from an assault.  *Id.* at pp. 103 – 144.

Defendants further assert that Plaintiff never told Lt. Roane that three inmates assaulted him at the request of, or on behalf of, a correctional officer.  ECF 25 at Ex. 4.  After Plaintiff claimed Walker, Harris, and Benjamin assaulted him, Lt. Roane wrote Notices of Infractions for each inmate, including Plaintiff.  All three men denied assaulting Plaintiff.  After Plaintiff refused to testify at the disciplinary hearings of his alleged assailants or to provide a written statement, all three men were found not guilty by the hearing officer.  *Id.* at Ex. 5, p. 3 and Ex. 11.  Plaintiff was also found not guilty and the hearing officer observed that "after reasonable inference drawn, the conduct alleged is not a rule violation, inmate clearly was the victim of a gang assault."  *Id.* at Ex. 11, p. 5.  Defendants deny preventing Plaintiff from testifying at the disciplinary hearings for Walker, Harris, and Benjamin and deny labeling Plaintiff a snitch.  *Id.* at Ex. 5 – 8.  Defendants add that Plaintiff did not name Walker, Harris, or Benjamin as enemies and expressed no concern for his safety if he were placed back into general population.  *Id.* at Ex. 12, p. 2.  Defendants also deny knowing Walker, Harris, or Benjamin presented a threat to Plaintiff prior to his report that he was assaulted.  *Id.* at Ex. 5 – 8.

Defendants also deny Plaintiff's claim that other inmates were informed that Plaintiff assisted an inmate accused of a sexual offense, nor did they provide any confidential information about Plaintiff to other inmates.  *Id.* at Ex. 5 – 8.  Defendant Koppel, Warden of CDF, specifically denies authorizing or allowing staff to inform other inmates about any confidential information regarding Plaintiff.  *Id.* at Ex. 8.  Defendant Dallas was the hearing officer at the January 14, 2013 disciplinary hearing and had no other involvement in the events that are the subject of the instant case.  *Id.* at Ex. 5.

With respect to Plaintiff's claims regarding mail and access to the library, Defendants state that none of them were assigned to the mail room.  *Id.* at Ex. 5 – 8.  Plaintiff filed an informal complaint on November 19, 2012, claiming a package regarding an appeal had been

mishandled by CDF staff.  The package was returned, however, for additional postage because Plaintiff had attempted to mail it with used stamps affixed to it.  *Id*. at Ex. 13.  On November 24, 2012, Plaintiff filed another informal complaint regarding mail returned for additional postage, but the matter had already been addressed in the response to his November 19, 2012 complaint.  *Id*.  Defendant Koppel states he relies on the investigations handled by staff in response to any complaints.  *Id*. at Ex. 8.

Defendants assert that library reading and legal materials are available to federal pretrial detainees.  ECF No. 25 at Ex. 14.  While Plaintiff was a detainee at CDF, Defendants state he had access to reading and legal materials in the following manner:

> Detainees who wish to have a book loaned to him are to write the Assistant Jail Administrator's office.  Once the request is received the book will be sent to the detainee if available by designated staff.  (a) If that particular book is not available, then a book similar to the requested one will be provided; (b) the detainee's name will be placed on a waiting list for that particular book when available, it will be sent to him/her; and (c) the legal library service will provide detainees with legal materials that ensure constitutional rights of access to the courts.  It provides a collection of legal materials which include case law, state and federal constitutions, procedural rules and decisions, court rules and other legal materials deemed necessary by CDF in consultation with the United States Marshals Services.  *Id.*

ECF No. 25 at Ex. 14.

Additionally, Defendants provide a list of legal materials available to the detainees including access to Lexis-Nexis via an updated CD.  *Id.*

Defendants assert that the CDF detainee handbooks in effect at the time Plaintiff was housed at CDF notified detainees of the procedure required to resolve complaints and that Plaintiff received one of those handbooks.  *Id*. at Ex. 15.  The required administrative procedure for federal pretrial detainees required an attempt to resolve institutional-related complaints on an informal basis initially.  An informal complaint must include the date of the incident, the names of people involved, and the remedy sought.  *Id*.  Defendants state that Plaintiff filed four

informal complaints,[3] but never resorted to the next step in the process by filing an administrative remedy request. *Id*. at Ex. 13.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

---

[3] Plaintiff's informal complaints regarding medical issues were filed on November 11, 2012, March 8, 2013, and June 20, 2013.  His informal complaints regarding the handling of his mail were filed on November 19, 2012 and November 24, 2012.  ECF No. 25 at Ex. 13.

**Analysis**

The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F. 3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F. 3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a

> prisoner has exhausted his available remedies, even if prison employees do not
> respond.  *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).  The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *Chase*, 582 F. Supp. 2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F. 3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Plaintiff does not dispute that he failed to exhaust administrative remedies, but simply states he filed complaints with Koppel.  ECF No. 29.  The informal complaints filed by Plaintiff, however, do not address the allegations he raises in the instant case.  His allegation that there was a conspiracy among officers to make him a target for violence was never brought to the attention of prison administrators.  Plaintiff takes the position that the assault he suffered was foreseeable given the alleged statements by correctional officers that Plaintiff was a snitch because he reported Sgt. Flowers.  *Id.*  This information, however, was never documented in

7

either an informal complaint or administrative remedy.  Thus, the claim shall be dismissed for failure to exhaust administrative remedies.  Moreover, any failure to protect Plaintiff from the assault which occurred was not the result of a willful or reckless disregard for Plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("prison official[s] cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

Plaintiff does not address his claim that he was denied access to the courts through the mishandling of his mail.  ECF No. 29.  This claim is also subject to dismissal for failure to exhaust administrative remedies.  Further, Defendants have provided evidence that Plaintiff's mail was not mishandled; rather, it was returned by the Post Office because the postage on the envelopes was not valid.  To the extent Plaintiff did not agree with the explanation provided to him through the informal complaint he filed with CDF officials, he never took any of the necessary steps to further exhaust administrative remedies.  Additionally, his vague assertion that a case involving the termination of his parental rights was affected is not enough to establish an actual injury which is required in order to maintain a claim of denial of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (an unconstitutional burden on access to the courts must include actual injury to capability of bringing claims challenging conviction or conditions of confinement).

The failure to exhaust administrative remedies on any of the claims raised is fatal to all of his claims.  Alternatively, the allegations fail to state a claim. A separate Order follows.

Date:   August 29, 2014                                  /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge